Conwat B, J. This was a suit on a recognizance entered into before one of the precedent Judges of this court. Its object was to obtain supersedeas of execution on a chancery decree, from which an appeal, then pending, had been granted by the Circuit Court, without appellant’s giving recognizance. And thé principal question is, whether in such case the judge has authority to take the recognizance and award the supersedeas? Our State Constitution, in article sixth, section second, expressly confers the power on each of the judges of this'Court, to issue writs of error and supersedeas. There is no explicit authority given them to take recognizances, but that power is unquestionably implied, if necessary to the exercise of the express grant. By the common law, no recognizance or bail'in error was required to obtain supersedeas. The writ of error itself operated as a supersedeas. So a litigant, by bringing error, could slay execution of the judgment against him without giving to his adversary any security whatever. But the inconvenience and injustice of this was early felt. As far back as the reign of Henry Seventh of England, the court of King’s bench refused to allow such writs until some error in the record was shown them, lest they should be brought on purpose to delay execution; and in the reign of Queen Elizabeth, the justices of the court of Common Pleas made a similar order; and Parliament, in the third year of James the first, passed a Statute requiring (in many cases) that plaintiffs in writs of error should enter into recognizances with approved securities, before they obtained stay of execution. Subsequently, other acts on the subject were passed, more general in their provisions, but none of them were ever in force here, except the act of the third of James first, and that has been superseded by our own Statutes on the same subject. They allow writs of error to issue of course on all judgments of the Circuit Court any time within three years from their rendition, but do not authorize superse-deas of execution unless the plaintiff in error be litigating as executor or administrator, or unless he enter into recognizance with approved security. Rev. Stat., 641-2, sec. 1, 2 and 16. The writ of error and supersedeas, however, are remedies confined entirely to proceedings and judgments at law. They are inapplicable and unknown means of redress in chancery. A person aggrieved by a decision, order or decree, cannot have relief therefore by writ of error and super-sedeas. He must resort to appeal or bill of review. He can have an appeal from the Circuit Court any time during the time at which the decision, order or decree was made, or this court, or a judge thereof in vacation, may grant it to him any time within a year from the rendition of the decision, order or decree. And he may take it without giving recognizance to the adverse party, but it will not then operate as a stay of execution, unless he be executor, administrator or guardian, and appeal as such. Rev. Stat., 174, secs. 137-8-9 and 140. Thus there are three tribunals vested with competent authority to grant appeals, and it is optionary with the person desiring an appeal, to which of them he will make application. If he chooses to pray it of the Circuit Court making the decision, order or decree, he has the right to do so. If he asks it, without giving recognizance, it is his privilege to take it thus, but he assuredly precludes himself from afterwards resorting to either of the other tribunals to give recognizance and obtain stay of execution. The Statute obviously contemplates and requires such recognizance to be entered into before the tribunals granting tire appeal. Rev. Stat., chap. 23, secs. 139, 140; and if the appellant fails to enter into it there, his right to give it is waived and his immunity of supersedeas lost. For there is no authority any where to change or modify the terms or conditions upon which the appeal has been granted and taken. If the time for appeal has elapsed, and the grievances complained of, are errors apparent on the face of the decree, recourse may be had to a bill of review any time within three years from the enrollment of the decree. Story’s E. P. 326, and Rev. Stat. 641, sec. 2. In the case of Fowler v. More, on motion for supersedeas, at the July term, 1844, this court determined “that it bad no authority to grant the writ. ” The legal features of that case and the one in which the recognizance now sued on] originated, were identical, and presented the same question as to the power. Both were chancery suits, in which injunctions to judgments at law had been granted and dissolved, bills dismissed, and appeals awarded by the Circuit Court. The case of Betterson against Jennings was essentially different. In that case the appeal was granted by this court. It Avas proper therefore for the recognizance to be entered into here. Independent of these cases, however, we have come to the conclusion, after a careful examination of the Statutes on the subject, that the tribunal granting the appeal is the only one possessed of authority to take the supersedeas recognizance. As, therefore, the Circuit Court had granted the appeal in this case, the recognizance sued on was taken without due warrant, and consequently has no validity. The demurrer was properly sustained by the Circuit Court, and its judgment is affirmed.